UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINAY K. AWASTHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05621-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS & DENYING MOTIONS TO STAY IN CASE NO. 24-5621; DENYING MOTION TO DISMISS AND REMANDING IN CASE NO. 25-4056**<br><br>Dkt. Nos. 24, 44, 52 |
| VINAY K. AWASTHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTEL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04056-WHO<br><br>Dkt. Nos. 5, 23 |

Former intel employee Vinay K. Awasthi filed these two cases against defendant Intel Corporation and defendant Christina Laetz based, generally, on allegations that Intel was engaged in fraud by releasing products for sale that were not ready; when Awasthi complained or notified others at Intel, Intel ignored him and then subjected him to fraud, retaliated against him by terminating his employment, engaged in surveillance of Awasthi's home and cell phone (through "foreign agents" and with the assistance of Laetz), and attempted to poison him with "nerve agents" and narcotics. *See* Case No. 24-5621, Dkt. No. 1 ("Complaint"), Dkt. No. 21 ("First Amended Complaint" or "FAC"); Case No. 25-cv-4056, Dkt. No. 1, Ex. A.[1]

---

[1] Both of these actions were randomly assigned to me. Given the overlap between the allegations

In Case No. 24-cv-5621, filed on August 21, 2024, and in the First Amended Complaint ("FAC") filed on April 2, 2025, Awasthi alleges claims against Intel and Laetz for violation of his civil rights, fraud, personal injury, violation of the False Claims Act ("FCA"), and violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").  Dkt. Nos. 1, 21.

Case No. 25-cv-4056 was originally filed on April 3, 2025, in state court.  Dkt. No. 1.  The only express cause of action on the first page of that Complaint is for "wrongful termination" seeking "severance."  However, as in the other case, the state court Complaint alleges in passing that from 2015-2025 Intel was engaged in "fraud + extortion, drugging, invasion, wire fraud (using foreign agents), to prevent whistleblowers [] to speak out against fraud or go to court." Compl. in 25-cv-4056 at ECF pg. 19.  The civil cover sheet in the state court Complaint selects a claim for wrongful termination.  At some point, it appears that Awasthi also selected claims for fraud and RICO (*id*., ECF pg. 38), although the fraud and RICO claims appear to have been "whited out" and initialed by Awasthi.  *Id*.; *see also* Dkt. No. 13 (Awasthi "removed RICO and Fraud and only elected Wrongful termination").  Intel removed the state court case to this court on May 9, 2025, based on the purported RICO claim reflected on the civil cover sheet.  Dkt. No. 1 ¶¶ 1, 6-8.

The factual background to both cases is the same: after Awasthi complained or reported that Intel products were not ready for release or were not performing as promised, Intel retaliated against Awasthi by terminating him without severance and then engaged, with Laetz and others, in surveilling him, extorting him, and poisoning him.

I.   **CASE NO. 24-5621**

Intel moves to dismiss the FAC in Case No. 24-5621.  It argues that the lengthy, mostly handwritten FAC is largely incomprehensible and should be dismissed for violating Rule 8's

---

in the two cases, I sua sponte Order the Clerk's Office to relate them.  *See* Civil Local Rule 3-12. Laetz has appeared in Case No. 24-56521 pro se and filed an answer denying all of the claims asserted against her.  Dkt. No. 30.  As explained below, because Awasthi's RICO and other claims are implausible and fanciful, Case No. 24-5621 is DISMISSED without leave to amend.  No claims remain in that case against either defendant.

"short and plain statement" requirement.[2] It also argues that Awasthi has not stated and cannot state a RICO claim because he has failed to identify a RICO "enterprise" separate from Intel (as the "person" and business)[3] and because Awasthi's allegation of RICO harm – based on surveillance and attempted poisoning – are fanciful, fantastic, and/or delusional.[4] It moves to dismiss each of plaintiff's other claims – for personal injury, violation of civil rights, and labor violations – because the factual and legal bases for the claims are either not identified in the FAC or because they too are presumably based on Awasthi's fanciful, fantastic, or delusional assertions regarding surveillance and attempted poisoning. Dkt. No. 25 in Case No. 24-5621.

Awasthi filed multiple "oppositions" to the motion to dismiss. *See* Case No. 24-5621, Dkt. Nos. 28, 31, 38 (filed after Intel's reply), 42 (same).[5] He argues the case should not be dismissed because he has alleged how Intel's products were not ready for release or could not perform as Intel marketed them, how he complained to Intel about those products, and as a result, how he was bullied, terminated for refusing to participate in Intel's fraud regarding the products, and then suffered as Intel fired him and hired "outside agent for drugging, home-invasion, wirefraud and

---

[2] Under Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The short and plain statement requirement is not a heavy one, plaintiffs are not required to set out the facts supporting their claim in detail, but just a statement of the claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[3] *See Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) ("To be sure, if the 'enterprise' consisted only of [the company] and its employees, the pleading would fail for lack of distinctiveness.'") (citing *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 158 (2001)).

[4] A judge may dismiss "claims describing fantastic or delusional scenarios," but may not dismiss merely based on a belief that the allegations are unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation omitted); *see also Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1158 (N.D. Cal. 2013) ("A court may dismiss as frivolous, claims that are clearly baseless, fanciful, fantastic, or delusional.").

[5] Intel filed a motion to strike the multiple, improper replies. Case No. 24-5621 Dkt. No. 44. While improper and largely duplicative, Intel's motion to strike is DENIED. I have considered all arguments raised by Awasthi in each of his filings. None is successful. They further support my conclusion that Awasthi's claims in this case regarding Intel's conduct as a RICO enterprise using fraud, surveillance, and poisoning to injure Awasthi are implausible and fanciful.

1  wiretap using Stingray." Dkt. No. 28; *see also* Dkt. No. 31 (Awasthi refused to engage in RICO
2  fraud to enable Intel to sell deficient products); Dkt. No. 38 (alleging Intel engaged in "criminal
3  solicitation" by hiring engineers under false pretext to engage in fraud with respect to Intel's
4  products and "age discrimination" as "Older employees were hinderance to fraud!" and employees
5  were forced to engage in fraud or face "nerve agents" and "foreign agent" surveillance).

6       The harms Awasthi complains of – other than some of the allegations regarding his
7  treatment as an Intel employee and his termination – are simply not plausible. Awasthi repeatedly
8  alleges that he was harmed when: (1) Intel surveilled him through "Stingray;" (2) engaged in a
9  "home invasion" involving ADT and Laetz; (3) hacked his emails and monitored his phone; (4)
10 drugged him with "daily low dosages of nerve agent in [his] coffee"; and (5) attempted over 200
11 times to put nerve agents in his food. In addition, he claims that Intel had foreign agents follow
12 him and "doctored" documents to terminate him from Intel. *See* FAC at ECF pgs. 15-19, 21, 25-
13 27. No facts are alleged to plausibly show that these fanciful allegations might have occurred,
14 much less that they occurred at the direction of Intel. Despite its length, there are no plausible
15 allegations in the FAC to support a claim that Intel committed fraud as part of a RICO enterprise
16 or that Awasthi was plausibly harmed by Intel in violation of his civil rights or federal labor law,
17 or that he suffered a cognizable and plausible personal injury.

18      Because of the extreme, implausible, and delusional nature of the claims, Intel's motion to
19 dismiss is GRANTED. Given that the purported harms are fanciful, fantastic, or delusional, there
20 is no chance that Awasthi will be able to amend to state a RICO or other federal claim. Therefore,
21 this case is DISMISSED without leave to amend. *See, e.g., Yuksel v. Twitter, Inc*., No. 22-CV-
22 05415-TSH, 2022 WL 16748612, at *6 (N.D. Cal. Nov. 7, 2022) (dismissing case without leave to
23 amend, as leave to amend would be futile where plaintiff's " conclusory allegations that Twitter is
24 somehow in cahoots with dictators fail to meet the basic pleading standards . . . .").

25      I note that on June 10, 2025 – prior to any substantive orders being entered in this case –
26 Awasthi filed a Notice of Appeal to the Ninth Circuit and on June 22, 2025 filed a Motion to Stay.
27 Dkt. Nos. 48, 52. In his Motion to Stay, Awasthi explains that he "hopes to have this stay granted
28 while appellate court hears key arguments about this case related to racketeering supported by

1  RICO 'enterprise' involving multiple Law firms and actors of Israeli origin offering sabotage
2  services under the pseudonym of 'cybersecurity'." Dkt. No. 51 at 1.  He asserts that he is "making
3  this request so that a great potential harm to him could be averted as Intel corporation did try to
4  silence him by deploying paid agents of Israeli origin, mediated via Nicole Perlroth of Silver
5  Buckshot ventures (stand in or front for criminal activity under pseudonym of "cybersecurity"),
6  using Christina Laetz as go between and 3 law firms." *Id*. at 2.

7  The motion to stay is DENIED.  Prior to today, I have issued no orders in this case and
8  there are no grounds to stay my ruling on Intel's motion to dismiss.[6]

9  Intel's motion to dismiss is GRANTED and this case is DISMISSED without leave to
10 amend, as any amendment based on the implausible and fanciful assertions of Awasthi would be
11 futile.

## II. CASE NO. 25-4056

13 Intel also moves to dismiss the case it removed from state court.  It argues first that the
14 state court Complaint should be dismissed as duplicative of his federal complaint, noting that in
15 both cases Awasthi complains of his termination by Intel in retaliation for Awasthi's disclosures
16 or complaints regarding Intel's defective products, and that in both cases Awasthi makes
17 implausible and fanciful allegations that Intel punished and sought to silence him through
18 surveillance and poisoning.  Dkt. No. 5.[7]  It also moves to dismiss the state court Complaint
19 because it violates Rule 8 and must be dismissed given the identical fanciful, fantastic, or

---

[6] The Ninth Circuit's "jurisdiction is limited to 'final decisions of the district courts,'" or order that "finally determine claims of right separate from, and collateral to, rights asserted in the action." *United States v. Alvarez-Moreno*, 657 F.3d 896, 899 (9th Cir. 2011); *see also Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."); *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 624442, at *2 (N.D. Cal. Mar. 3, 2022) ("Because the notice of appeal is premature, it does not divest this Court of jurisdiction . .. .").

[7] *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.").

1   delusional allegations of harm. *Id*.

2       Awasthi, again, filed multiple "oppositions," as well as "objections" to removal and a
3   "motion to remand." Dkt. Nos. 7, 9, 13, 14, 19, 22. In his oppositions and motion to remand, he
4   contends that the legal claims in his state court Complaint concern only Intel's wrongful
5   termination of Awasthi's employment, age discrimination, harassment at work, and retaliation.
6   *See, e.g.,* Dkt. No. 9 (asserting the state case is about age discrimination, workplace harassment,
7   and termination and that "[c]rimes such as attempted murder, drugging, hacking to delete emails,
8   nerve agent poisoning are not the prime focus as these are being covered under 3:25-cv-04056 and
9   not in CGC-25-624007"). He asserts that there was no basis to remove this case based on a RICO
10  claim because while the civil cover sheet in the state court – consistent with how it appears in the
11  Notice of Removal – was initially marked as including a RICO claim and a claim for fraud, he
12  subsequently edited the cover sheet to elect only wrongful termination and "whited out" the other
13  two causes of action (Dkt. No. 13). As such, he argues that I should "reject defense's Notice of
14  Removal." *Id*. at 4; *see also* Dkt. No. 14 ("Opposition to Notice of Removal"); Dkt. No. 15
15  ("Motion to Remand").

16      While the same 84 page "opposition" was filed in both cases (*see* Case No. 24-5621 Dkt.
17  No. 38 & Case No. 25-4056 Dkt. No. 7), the document appears to have been filed by *accident* in
18  this case: the caption and footer indicates it was supposed to be filed in Case No. 24-cv-5621 only.
19  Ignoring this, Intel *only* considers this document as the "opposition" and contends that it is the
20  only opposition I should consider. *See* Reply [Dkt. No. 17] at 2-5. It wholly fails to address the
21  other "oppositions" and Awasthi's request to remand this case to state court. Following the filing
22  of Intel's Reply, Awasthi filed more briefs arguing, again, for remand of the "wrongful
23  termination" case to state court. *See* Dkt. Nos. 18, 22.

24      Reviewing the state court Complaint, the state court civil cover sheet, and Awasthi's
25  assertions that the state court case concerns only his work conditions and termination by Intel,
26  whereas the other case concerns the RICO claims and the acts that took place after Intel terminated
27  him, I find that this case was improperly removed. While Awasthi's claims regarding "fraud" by
28  Intel and some of Awasthi's fanciful and delusional allegations regarding Intel's surveillance and

United States District Court
Northern District of California

attempts to poison Awasthi are asserted in the state court Complaint, and mentioned as "background" in Awasthi's oppositions filed in this case, I will take Awasthi at his word: He intends to pursue non-federal wrongful termination claims and other claims regarding conditions of his employment in state court. Whether the state court Complaint should be dismissed for failure to state a claim or whether the fanciful and delusional harm claims should be struck, are matters to be determined by the state court on remand.[8]

Intel's motion to dismiss is DENIED without prejudice because Awasthi's motion to remand this case back to California Superior Court, San Francisco County is GRANTED.

## CONCLUSION

Therefore, Case No. 24-5621 is DISMISSSED with prejudice. Case No. 25-4056 is REMANDED to the California Superior Court, San Francisco County.

**IT IS SO ORDERED.**

Dated: July 9, 2025

William H. Orrick
United States District Judge

---

[8] As in 24-5621, in this case Awasthi filed a Notice of Appeal and Motion to Stay. Dkt. Nos. 21, 23. The Notice of Appeal is not effective, as I have not issued any orders in this case until today. The Motion to Stay based on Awasthi's desire to have the Ninth Circuit address his claim in the first instance, is not permitted and is DENIED.